IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

HOWELL W. WOLTZ,

               Plaintiff,

v.                                       CIVIL ACTION NO.  5:10-cv-00487

FCI BECKLEY, et al.,

               Defendants.

MEMORANDUM OPINION AND ORDER

The Court has reviewed Plaintiff's letter-form Complaint (Document 1) and Plaintiff's Complaint (Document 4). Plaintiff claims an entitlement to relief pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 395-97, (1971). By Standing Order (Document 2) entered on April 15, 2010, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. On March 3, 2011, Magistrate Judge VanDervort submitted his Proposed Findings and Recommendations (PF&R) (Document 14).  On March 15, 2011, Plaintiff filed objections to the PF&R. (Document 15).

## I.    *RELEVANT FACTS AND PROCEDURAL HISTORY*

Plaintiff names the following as Defendants: (1) John Grimes, Counselor; (2) Beverly Smith, Case Manager; (3) James Childress, Case and Unit Manager; (4) M. Lewis, Unit

Secretary; (5) FCI Beckley; and (6) FPC Beckley. (Document 4 at 4).  Plaintiff alleges that Defendants improperly required him and nearly two hundred (200) other prisoners to identify FCI Beckley as their place of residence for the purpose of the 2010 United States Census Form instead of their respective home addresses. *Id.* at 4-5.  Specifically, Plaintiff claims "this violated the constitutional rights of men under defendants' authority under color of law, outside their legal authority, personally and officially." *Id.* at 5.  Plaintiff requests the following relief: (1) "Nominal damages in the amount of $25 per defendant;" (2) "Compensatory damages in the amount of reimbursement of filing fee and expenses of bringing suit;" and (3) punitive damages. *Id.*

Plaintiff argues "[t]he census fraud committed by [D]efendants Grimes, Smith, and Childress on April 1, 2010, denied nearly 200 men of their constitutional right to the proper allocation of congressional representation and federal funding of their home communities, under color of law." (Document 9 at 1).  He further argues that Defendants did this in direct contradiction to a memo issued by Warden Berkebile dated March 29, 2010, which stated that the inmates would need to provide  to the census takers information consisting of  "each inmate's name, gender, age, date of birth, race, ethnicity, and the usual residence address if one exists." (Document 1 Exhibit A).  Plaintiff acknowledges that he did not exhaust his administrative remedies. (Document 4 at 3).  However, he contends that exhaustion is not required because his claim is "not dealing with prison conditions." *Id.*

On March 3, 2011, Magistrate Judge VanDervort submitted his PF&R (Document 14), which recommends that the Court dismiss this matter based on Plaintiff's failure to properly exhaust his administrative remedies as required by The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (1996). (Document 14 at 9).  Further, Magistrate Judge VanDervort found that

Plaintiff's claims should also be dismissed on the merits because Defendants did not act improperly or fraudulently in counting Plaintiff as a resident of FCI Beckley for purposes of the 2010 Census. (Document 14 at 11). As discussed *infra*, Plaintiff objects to both findings.

## II.    STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

## III.    PF&R AND PLAINTIFF'S OBJECTIONS

### A.  Exhaustion of Administrative Remedies

The Magistrate Judge correctly laid out the applicable law on exhaustion of administrative remedies required by the PLRA. (Document 14 5-8). Plaintiff does not object to the requirement that "[n]o action shall be brought with respect to *prison conditions* under section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other

correction facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2006) (emphasis added).

The Magistrate Judge concluded that Section 3626(g)(2) defines the phrase "civil action with respect to prison conditions" as "any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison . . . [.]" 18 U.S.C. § 3626(g)(2).  Plaintiff asserts in his affidavit that "200 citizens were improperly deprived of rightful allocation of congressional representation [by Defendants.]" The crux of Plaintiff's complaint is that the prison staff at FCI Beckley improperly required inmates to name the prison as their place of residence for the 2010 U.S. Census.  The Magistrate Judge found that the claims in Plaintiff's Complaint involved the "effects of actions by government officials on the lives of persons confined in prison." (Document 14 at 9).  Thus, the Magistrate recommends dismissal of this matter because Plaintiff failed to exhaust administrative remedies. *Id*.

Plaintiff asserts five reasons that the instant action does not deal with a "prison condition." (Document 15 at 1-5).

First, Plaintiff argues that "the issue at hand is completely external to plaintiff's location or status [as a prisoner]." (Document 15 at 1).  This objection is without merit because Plaintiff's allegations deal directly with actions taken by Defendants in FCI Beckley, and it dealt specifically with how Plaintiff's status as a prisoner determined his usual residence for the census. This is a "prison condition" which requires the exhaustion of administrative remedies because this is the very type of action that "effects . . . the lives of persons confined in prison." Therefore, the Court finds that this objection should be overruled.

Second, Plaintiff argues that the plain meaning of "prison conditions" under 42 U.S.C. § 1997e(a) should not include the instant action. *Id*. at 2. The Court finds in terms of a civil action "prison conditions" is specifically defined as "any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison . . . ." 18 U.S.C. § 3626(g)(2). Thus, the plain reading of 18 U.S.C. § 3626(g)(2) requires this Court to overrule Plaintiff's objection because Defendants' actions  involved the "effects of actions by government officials on the lives of persons confined in prison."

Third, Plaintiff argues "filing false claims to the Census Bureau . . . deprived plaintiff of substantial constitutional rights of properly allocated congressional representation and federal fund for his home community."[1] *Id*. at 3. Consistent with the Court's assessment of the second objection, Plaintiff's assertion that he and his home community were deprived of the proper allocations of congressional representation and proper allocation of federal funding because of the actions of Defendants falls within the statutory definition of a "prison condition," which requires Plaintiff to exhaust his administrative remedies.  Again, at its core, the Court finds Plaintiff's objection encompasses the "effects of actions by government officials on the lives of persons confined in prison."

Fourth, Plaintiff argues his claim is not about "prison conditions" because the Bureau of Prisons does not have the jurisdiction or authority to provide relief. *Id*. Plaintiff's argument is simply irrational. Plaintiff has sued and sought compensatory and punitive damages against the very Defendants he now claims do not have jurisdiction to provide him relief. The Court finds this circular argument to be without merit and the objection lacking in merit.

---

[1] Plaintiff did not allege that congressional representation or federal funding to his home in North Carolina was affected.

Finally, Plaintiff argues that the Magistrate Judge's decision to allow Plaintiff to add United States' Secretary of Commerce, Gary Locke, supports his position that this was not a "prison condition." (*Id.* at 4.) The Magistrate Judge found that Plaintiff must exhaust his administrative remedies despite his order that permitted Plaintiff to add Secretary of Commerce Gary Locke as a Defendant.  Plaintiff's assumption and assertion, that by granting his motion to add Secretary Locke as a Defendant, the Magistrate Judge supports his argument that his complaint is not about "prison conditions," simply has no factual or legal support.  The Court finds that the Magistrate Judge correctly found Plaintiff's complaint was about "prison conditions," and Secretary Locke having been added as a Defendant has no impact on this issue.

After careful and independent review of each of the Plaintiff's objections, the Court finds the same should be overruled.

**B.  *2010 Census Instructions***

Even if the Court found that exhaustion of administrative remedies was not required and issued a ruling on the substance of Plaintiff's claims, those claims should be denied. The Magistrate Judge found that Defendants did not act improperly or fraudulently in counting Plaintiff as a resident of FCI Beckley for the 2010 Census. Plaintiff argues that Defendants Grimes, Smith, Childress and Lewis committed fraud and acted in contravention of their orders by requiring inmates to name the prison as their place of residence for purposes of the 2010 Census.  In a "Memorandum for Inmate Population," Warden Berkebile stated that the inmates would need to provide to the census takers information consisting of "each inmate's name, gender, age, date of birth, race, ethnicity, and the usual residence address if one exists." (Document 1 exhibit A).  Plaintiff contends that inmates should have been allowed to use their "home address" as their place of "usual residence."

The Magistrate Judge appropriately found that Defendants correctly applied the United States Census Bureau "residence rule" in determining where Plaintiff was to be counted. The 2010 Residence Rule provides that people are to be counted as follows: (1) "Count people at their usual residence, which is the place where they live and sleep most of the time;" (2) "People in certain types of facilities or shelters (i.e., places where groups of people live together) on Census Day should be counted at the facility or shelter;" and (3) "People who do not have a usual residence, or cannot determine a usual residence, should be counted where they are on Census Day." Residence Rule and Residence Situations for the 2010 Census §3.  In fact, the residence rule specifically addresses the issue at hand.  The Magistrate Judge appropriately recognized that the Census Bureau specifically determined that "individuals confined on April 1, 2010, to correctional residential facilities, federal detention centers, federal and state prisons . . . should be counted at that facility." *Id*. § 16. Thus, the Magistrate Judge found Plaintiff's underlying claims were without merit because the Plaintiff was confined to FCI Beckley, a federal prison, on April 1, 2010. (Document 14 at 11).  The Magistrate Judge further noted that a person's "usual residence" is not necessarily the same as the person's voting residence or legal residence. Accordingly, the Magistrate Judge found that Defendants did not act improperly or fraudulently in counting Plaintiff as a resident of FCI Beckley for the 2010 Census.

Plaintiff objects to the Magistrate Judge's findings on his underlying claim on two grounds. First, Plaintiff argues Defendants did not follow the directions contained in Warden Berkebile's memo, which required "the usual residence address if one exists" to be supplied for the census. (Document 15 at 5).  Contrary to Plaintiff's objection, the Court finds that Defendants' actions were consistent with Warden Berkebile's memo.  Warden Berkebile required Defendants to use the inmate's "usual residence" to fill out the census. The term "usual

residence" for an individual in a correctional facility, like FCI Beckley, is the facility they are located in on April 1, 2010 (Census Day). Residence Rule and Residence Situations for the 2010 Census §§ 3, 16. The Court finds Plaintiff's objection is without merit and is, accordingly, overruled.

Second, Plaintiff argues that this Court is required by "judicial estoppel" to apply the same interpretation of Plaintiff's residence as the Court did in *Woltz v. Hoefling*, et al, 5:08-cv-1013. In *Woltz v. Hoefling*, the Court concluded that Mr. Woltz was a resident of North Carolina and dismissed Plaintiff's complaint for lack of subject matter jurisdiction because there was not complete diversity between the parties.  Now, Plaintiff claims "[j]udicial estoppel, an equitable doctrine that prevents *a party* who has successfully taken a position in one proceeding from taking the opposite position in a subsequent proceeding, is recognized to protect the integrity of the judicial system."  (emphasis added) (Document 15 at 6). (citing *Lowery v. Stovall*, 92 F.3d 219, 223 (4th Cir. 1996)). This Court is not a "party" to the Plaintiff's claim. The doctrine of "judicial estoppel" is completely irrelevant.   Further, a person's "usual residence" for the purpose of the census is not necessarily the same as the person's voting residence or legal residence for the purpose of suing and being sued. Residence Rule and Residence Situations for the 2010 Census § 2.   Accordingly, the Court finds Plaintiff's objection based on "judicial estoppel" should be overruled.

## CONCLUSION

Thus, based on the findings herein, the Court does hereby **ORDER** that the Magistrate Judge's Proposed Findings and Recommendation (Document 14) be **ADOPTED.**  Further, the Court **ORDERS** that Plaintiff's Complaint(s) (Documents 1 and 4) be **DISMISSED** and that this matter be **STRICKEN** from the docket of this Court.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:      October 17, 2011

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA